UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
N47 ASSOCIATES LLC and NEW YORK MARINE AND
GENERAL INSURANCE COMPANY, INC.

                    Plaintiffs,

    - against -

ALBA SERVICES INC. and ACCREDITED SURETY
AND CASUALTY COMPANY, INC.

                    Defendants.
------------------------------------------------------------------------x

CIVIL ACTION NO.:

1:21-cv-3490

**VERIFIED COMPLAINT**

Plaintiffs N47 ASSOCIATES LLC ("N47") and NEW YORK MARINE AND GENERAL INSURANCE COMPANY, INC. (collectively, "Plaintiffs") by their attorneys GALLO VITUCCI KLAR LLP, as and for their Verified Complaint herein, allege upon information and belief as follows:

**NATURE OF THE ACTION**

1. Plaintiffs have commenced this action seeking a judgment declaring that:

   1) Defendants ALBA SERVICES INC. ("ALBA") and ACCREDITED SURETY AND CASUALTY COMPANY, INC. ("ACCREDITED") are obligated to defend and indemnify Plaintiffs for the claims asserted in the underlying personal injury action commenced by Omar Balcazar Pablo in the Supreme Court of the State of New York, New York County, under Index No.: 155124/2020 ("Pablo Action"),

   2) Plaintiff N47 is an additional insured under the commercial general liability policy, Policy Number/Claim Number: 1-TPM-NY-17-01234887 or Claim no.: 1-TPM-NY-17-01234887, issued by ACCREDITED and procured by ALBA,

   3) Defendants are obligated to reimburse Plaintiffs for all prior legal fees and expenses incurred by Plaintiffs in defending the Pablo Action,

   4) The policies of insurance otherwise available to Plaintiffs are excess over the ACCREDITED Policy and will not contribute with the

      ACCREDITED Policy,

5) Judgment against ALBA and ACCREDITED for not less than $5,000,000 for failure to honor their contractual obligations to defend and indemnify and procure insurance for Plaintiffs with respect to the claims asserted in the Pablo Action,

6) Plaintiffs are entitled to counsel of their own choosing, separate from counsel for ALBA in the Pablo Action and paid for by ACCREDITED,

7) Plaintiffs are entitled to an inquest on the issue of damages incurred by Plaintiffs, including but not limited to legal fees, disbursements, costs and expenses, and

8) For such other, further and different relief that this Court deems just and proper.

## THE PARTIES

2. At all times hereinafter mentioned, N47 ASSOCIATES LLC ("N47") was and is a foreign limited liability company incorporated in the State of Delaware and authorized to conduct business in the State of New York.

3. At all times hereinafter mentioned, NEW YORK MARINE AND GENERAL INSURANCE COMPANY, INC. ("NY MARINE") was and is foreign business corporation incorporated in the State of New Jersey and authorized to conduct business in the State of New York.

4. At all times hereinafter mentioned, ALBA SERVICES INC ("ALBA") was and is a domestic business corporation authorized to conduct business in the State of New York.

5. At all times hereinafter mentioned, ACCREDITED SURETY AND CASUALTY COMPANY, INC. ("ACCREDITED") was and is a Florida Profit Corporation authorized and

licensed to do insurance business in the State of New York.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1332 as Plaintiffs are residents of Delaware and New Jersey, Defendants are residents of Florida and New York and the amount in controversy is in excess of $75,000.00 exclusive of interest and costs.

7. This Court has personal jurisdiction over ACCREDITED because, at all relevant times hereinafter mentioned, ACCREDITED engaged in the business of insurance in the State of New York and designated the New York State Department of State, Division of Corporations as a registered agent for service.

8. Venue of this action in this Court is proper pursuant to 28 U.S.C. § 1391 as the underlying accident occurred in this district.

## THE UNDERLYING PABLO ACTION

9. Omar Balcazar Pablo ("Pablo") commenced an action for personal injuries by filing a Summons and Verified Complaint in New York State Supreme Court, New York County on or about July 17, 2020. In the complaint, he seeks damages for personal injuries allegedly sustained on February 20, 2020 while working at 27 West 47th Street, New York, NY ("the premises"), property owned by N47.

10. ALBA provided construction services at the premises. Specifically, ALBA was the general contractor at the construction site that encompassed the premises.

11. Pablo was employed by a subcontractor working for ALBA at the premises. Pablo claims that he was injured when he fell from an elevated work platform.

12. The Pablo Complaint sets forth causes of action sounding in common law

negligence and alleged violations of the New York Labor Law.

13. On or about September 1, 2020, N47 joined issue in the underlying action by service of an Answer. On or about November 13, 2020, ALBA joined issue in the underlying action by service of an Answer.

## THE CONTRACTS

14. ALBA entered into a contract with N47 on January 29, 2019 for work to be performed at the premises, a copy of this contract is annexed hereto as **Exhibit "A"**. The contract constitutes the "ALBA-N47 Contract".

15. The ALBA-N47 Contract was executed by ALBA and N47 and was in full force and effect on February 20, 2020.

16. The term "Owner" in the ALBA-N47 Contract refers to N47.

17. The term "Contractor" in the ALBA-N47 Contract refers to ALBA.

18. The term "Indemnitee" in the ALBA-N47 Contract refers to N47, the persons and entities set forth in the List of Additional Insureds/Indemnitees in Exhibit "D" of the Contract, anyone for whose acts any of the foregoing may be liable, and their respective officers, trustees, partners, members, affiliates, managers, shareholders, directors, agents, employees, successors and assigns.

19. The term "Work" in the ALBA-N47 Contract refers to the scope of work contemplated by the Contract, which ALBA was hired to perform.

20. The ALBA-N47 Contract provides that ALBA is responsible for demolition and abatement at the premises.

## ALBA'S INDEMNITY OBLIGATIONS

21. The ALBA-N47 Contract contains provisions whereby ALBA agreed to assume

responsibility and liability for indemnified parties identified in Exhibit D of the ALBA-N47 Contract. The terms and conditions of the ALBA-N47 Contract, Article 12 and Exhibit D, requires ALBA to indemnify and hold harmless N47, from and against any damages and claims for bodily injury arising out of the performance of the work by ALBA. Specifically, Article 12 of the ALBA-N47 Contract states:

> "To the fullest extent permitted by law, Contractor shall indemnify, defend and hold harmless Owner…from any and all losses, claims, suits, damages, liabilities, professional fees (including attorneys' fees), costs, court costs, expenses and disbursements (including attorneys' fees and disbursements incurred in the enforcement of this indemnification), to the extent arising out of or in connection with performance of the Work, and/or a breach of or default under this Contract. These indemnification obligations shall arise regardless of any claimed liability on the part of an Indemnitee."

22. ALBA, as a contracting party, knew and was aware that N47 was entitled to defense and indemnity for claims arising from ALBA's work.

23. ALBA, as a contracting party, knew and was aware that it owed defense and indemnity to N47 for claims arising from ALBA's work.

## INSURANCE COVERAGE PROCURED BY ALBA

24. The ALBA-N47 Contract contains provisions whereby ALBA agreed to procure and keep, in full force and effect, general liability insurance coverage naming N47 as additional insured. The terms and conditions of the Contract, Exhibit D, require ALBA to procure primary and non-contributory insurance coverage for N47 (as well as other parties involved in work at the premises), from liability arising out of ALBA's work. Specifically, the ALBA-N47 Agreement states:

> "Contractor [ALBA] and its subcontractors shall provide and maintain at all times during the performance of the Work on the Project and until all obligations under this Contract are fulfilled insurance policies with the types of coverage and the minimum limits indicated below…Primary

> Commercial General Liability Insurance to provide not less than $2,000,000 per occurrence/$4,000,000 general aggregate limit, all covering the liability of, *inter alia*, the Owner and Contractor for bodily injury …Coverage shall include insurance providing coverage of: […] Broad and comprehensive general and property liability…Personal injury liability…No exclusions to injuries to employees…All policies to contain no "Labor Law" or other gravity related injuries exclusion…No height exclusions…Contractor shall, by specific endorsement to its Commercial General Liability and Umbrella/Excess policies, provide that defense costs are not to be considered damages so as to erode the policy limits required under this contract…. Owner's liability insurance…will be in excess of Contractor's liability insurance coverage…and shall not be called upon to contribute with this insurance. Contractor's insurance in all instances shall be primary and non-contributory to all insurance available to Owner and all other Additional Insureds, and shall so provide whether by specific endorsement or otherwise.…All insurance purchased and maintained by Contractor… shall designate Owner [N47] (additional insured and certificate holder), the entities identified in Section 12 as the List of Additional Insureds/Indemnitees, and each of their respective officers, partners, members, agents, employees, constituents and affiliate entities as additional named insures for this Project…The insurance for the Additional Insureds shall be as broad as the coverage provided for the named insured.…Any failure by the Contractor or its agent to procure the coverages outlined above shall be considered a material breach of the Contractor's contractual obligations, and the Owner expressly reserves the right to seek direct remedy against the Contractor and its agent for all costs and expenses incurred as a result of the breach." ALBA, as a contracting party, knew and was aware that N47 were entitled to defense and insurance coverage and had all rights concerning additional insured under the policies of insurance procured by ALBA.

25. ALBA, pursuant to the ALBA-N47 Contract, agreed to procure insurance policies to name N47 as additional insured with respect to the work that ALBA was performing at the premises.

26. ALBA procured a Certificate of Insurance naming N47 as additional insured under ALBA's policy of insurance.

27. ALBA, pursuant to the ALBA-N47 Contract, agreed to procure insurance policies to name N47 as additional insured.

28. ALBA, as a contracting party, knew and was aware that in the event of ALBA's

failure to procure and maintain insurance for N47 as additional insured, ALBA is liable for all amounts which would have been payable pursuant to the insurance.

## THE ACCREDITED SURETY AND CASUALTY COMPANY, INC. POLICY

29. Defendant ALBA in consideration for the premium ALBA paid, procured and issued general liability insurance from ACCREDITED for a period that included February 20, 2020, provided additional insured coverage for bodily injury to any person or organization with whom ALBA is required to include as an additional insured on the policy by a written contract or agreement for liability arising out of ALBA's operations, ALBA's work or any act or omission of ALBA's.

30. Defendant ACCREDITED in consideration for the premium ALBA paid, procured and issued general liability insurance for a period that included February 20, 2020, provided additional insured coverage for bodily injury to any person or organization with whom ALBA is required to include as an additional insured on the policy by a written contract or agreement for liability arising out of ALBA's operations, ALBA's work or any act or omission of ALBA's.

31. Defendant ACCREDITED in consideration for the premium ALBA paid, procured and issued general liability insurance, policy number/claim number: 1-TPM-NY-17-01234887, for a period that included February 20, 2020, provided additional insured coverage for bodily injury to any person or organization with whom ALBA is required to include as an additional insured on the policy by a written contract or agreement for liability arising out of ALBA's operations, ALBA's work or any act or omission of ALBA's.

32. Prior to February 20, 2020, ACCREDITED at the request of ALBA, issued a commercial general liability policy including coverage for personal injury claims covering ALBA

as a named insured and N47 as additional insured.

33. ALBA complied with all conditions precedent under the ACCREDITED policy.

34. N47 complied with all conditions precedent under the ACCREDITED policy.

35. The Pablo Action arose out of ALBA's work on the premises.

36. ACCREDITED has refused to provide a full defense and/or indemnification to N47 for the claims asserted in the Pablo Action.

37. ALBA has refused to provide a full defense and/or indemnification to N47 for the claims asserted in the Pablo Action.

38. The liability coverage procured by ALBA and provided by ACCREDITED was in full force and effect on February 20, 2020 and is applicable to each and every claim made in the Pablo Action.

39. By reason of the foregoing, N47 has been deprived of appropriate insurance coverage with respect to the claims in the Pablo Action, by reason of which N47 and NY MARINE have sustained damages, and will continue to sustain damages consisting of the cost to defend the Pablo Action; additionally, N47 and NY MARINE will sustain further damages should Pablo recover judgment against N47 to the extent that the amount recovered against N47 falls within the scope or policy limits of the policy issued by ACCREDITED.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS**

40. Plaintiffs repeat, reallege, and reiterate each and every allegation contained in Paragraphs "1" through "36" of the Complaint as if fully set forth herein.

41. ALBA contractually agreed to defend and indemnify N47 for all claims arising out of or occurring in connection with ALBA's work on the premises, or in preparation for its work

on the premises, and/or any extension, modification, or amendment to its work on the premises.

42. ALBA has refused to provide for either the defense or indemnification of N47 in the underlying Pablo Action pursuant to its obligations under the ALBA-N47 Contract.

43. N47 and NY MARINE have suffered and will continue to suffer damages, harm and prejudice by virtue of the refusal of ALBA to fulfill its obligations to provide a defense and/or indemnification pursuant to the ALBA-N47 Contract, including but not limited to the costs of defending the Pablo Action and in incurring further expense in settlement and/or satisfaction of judgment as may be obtained against N47.

44. Plaintiffs are damaged by ALBA's failure to agree to defend and/or indemnify Plaintiffs for the Pablo Action, and/or comply with their agreements to provide the Plaintiffs and pay for the defense of Plaintiffs.

45. By reason of the foregoing, N47 and NY MARINE are entitled to a declaration that ALBA is obligated to defend and indemnify N47 against the claims asserted in the Pablo Action.

46. N47 and NY MARINE have no other adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS

47. Plaintiffs repeat, reallege and reiterate each and every allegation contained in Paragraphs "1" through "43" of the Complaint as if fully set forth herein.

48. ALBA agreed by contract to defend and indemnify Plaintiffs for all claims arising out of or occurring in connection with its work on the premises, or in preparation for its work on the premises, any extension, modification, or amendment to its work on the premises.

49. ALBA obtained a general liability policy of insurance with ACCREDITED that was in effect at the time of the subject loss.

50. N47 was a named insured under the ACCREDITED policy of insurance obtained

by ALBA.

51. N47 was an additional insured under the ACCREDITED policy of insurance obtained by ALBA.

52. N47 has, by certified letter and pursuant to New York Insurance Law § 3420, timely and appropriately tendered its defense and indemnification to ALBA. (See **Exhibit "B"**).

53. NY MARINE, on behalf of N47, has timely and appropriately tendered, by certified letter and pursuant to New York Insurance Law § 3420, the defense and indemnification of its insured, N47, to ALBA. (See Exhibit "B").

54. ACCREDITED was copied on and provided with the tender letters sent by NY MARINE on behalf of N47.

55. Neither ALBA nor ACCREDITED has responded to N47 tender letters dated August 12, 2020 and September 9, 2020.

56. ALBA has refused to provide for either the defense or indemnification of N47 in the Pablo Action pursuant to its obligations under the ALBA-N47 Contract.

57. ACCREDITED has refused to provide for either the defense or indemnification of N47 in the Pablo Action pursuant to its obligations under the ALBA-N47 Contract.

58. ACCREDITED has refused to provide for either the defense or indemnification of N47 in the Pablo Action pursuant to its obligations under the policy of insurance obtained by ALBA.

59. No timely disclaimer of ACCREDITED's obligations under its policy and/or contract of insurance has been made to Plaintiffs.

60. ACCREDITED's reliance on the ALBA-N47 Contract has no bearing on coverage

as it relates to N47 under the applicable additional insured endorsements.

61. ACCREDITED has breached the terms and conditions of the ACCREDITED policy and its obligations to N47 under its insurance contracts.

62. N47 and NY MARINE have suffered and will continue to suffer damages, harm and prejudice by virtue of the refusal of ACCREDITED to fulfill its obligations to provide a defense and/or indemnification pursuant to the ALBA-N47 Contract and insurance policies referred to above, including but not limited to the costs of defending N47 in the Pablo Action and in incurring further expense in settlement and/or satisfaction of judgment as may be obtained against N47.

63. By reason of the foregoing, N47 and NY MARINE are entitled to a declaration that ACCREDITED is obligated to defend and indemnify and provide insurance coverage to N47 against the claims asserted in the Pablo Action up to the limits of the ACCREDITED policy and that ACCREDITED must afford N47 coverage which is primary to, and without contribution by, any other insurance available to N47.

64. N47 and NY MARINE have no other adequate remedy at law.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFFS**

65. Plaintiffs repeat, reallege and reiterate each and every allegation set forth in Paragraphs "1" through "51" of the Complaint as if fully set forth herein.

66. N47 has, to date, incurred attorneys' fees, costs, disbursements and other expenses in its defense of the Pablo Action.

67. All expenses paid for the defense of N47 have been expended in good faith and due to the absence of compliance by ALBA and ACCREDITED with its obligations to insure, defend

and indemnify N47 in the Pablo Action.

68. ALBA and ACCREDITED have wrongfully refused to provide a defense to N47.

69. ALBA and ACCREDITED should reimburse all attorneys' fees, costs, disbursements and expenses incurred in the defense of N47 in the Pablo Action.

70. N47 has suffered and will continue to suffer damages, harm and prejudice by virtue of the failure of ALBA and ACCREDITED to reimburse all attorneys' fees, costs, disbursements and expenses incurred to defend N47.

71. ALBA and ACCREDITED are, therefore, liable to reimburse all attorneys' fees, costs, disbursements and expenses incurred in the defense of N47 in the Pablo Action, and N47 are entitled to defense counsel of its own choosing.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS

72. Plaintiffs repeat, reallege and reiterate each and every allegation set forth in Paragraphs "1" through "58" of the Complaint as if fully set forth herein.

73. NY MARINE has, to date, incurred attorneys' fees, costs, disbursements and other expenses in its defense of N47 in the Pablo Action.

74. All expenses paid for the defense of N47 in the Pablo Action have been expended in good faith and due to the absence of compliance by ALBA and ACCREDITED with its obligations to insure, defend and indemnify N47 in the Pablo Action pursuant to the terms of the policy of insurance obtained by ALBA as well as the ALBA-N47 Contract.

75. ACCREDITED has wrongfully refused to provide a defense to N47 thereby necessitating NY MARINE to incur expenses, costs and fees in defending N47.

76. ACCREDITED should reimburse all attorneys' fees, costs, disbursements and

expenses incurred in the defense of N47 in the Pablo Action.

77. N47 and NY MARINE have suffered and will continue to suffer damages, harm and prejudice by virtue of the failure of ACCREDITED to reimburse all attorneys' fees, costs, disbursements and expenses incurred to defend N47.

78. ACCREDITED is, therefore, liable to reimburse all attorneys' fees, costs, disbursements and expenses incurred in the defense of N47 in the Pablo Action, and N47 are entitled to defense counsel of its own choosing.

**WHEREFORE**, N47 and NY MARINE pray for the following relief, seeking a judgment declaring that:

1) Defendants ALBA SERVICES INC. and ACCREDITED SURETY AND CASUALTY COMPANY, INC. are obligated to defend and indemnify Plaintiffs for the claims asserted in the underlying personal injury action commenced by Omar Balcazar Pablo in the Supreme Court of the State of New York, New York County, under Index No.: 155124/2020 ("Pablo Action"),

2) Plaintiff N47 is an additional insured under the commercial general liability policy, Policy Number/Claim Number: 1-TPM-NY-17-01234887, issued by ACCREDITED and procured by ALBA,

3) Defendants are obligated to reimburse Plaintiffs for all prior legal fees and expenses incurred by Plaintiffs in defending the Pablo Action,

4) The policies of insurance otherwise available to Plaintiffs are excess over the ACCREDITED Policy and will not contribute with the ACCREDITED Policy,

5) Judgment against ALBA and ACCREDITED for not less than $5,000,000 for failure to honor their contractual obligations to defend and indemnify and procure insurance for Plaintiffs with respect to the claims asserted in the Pablo Action,

6) Plaintiffs are entitled to counsel of their own choosing, separate from counsel for ALBA in the Pablo Action and paid for by

ACCREDITED,

7) Plaintiffs are entitled to an inquest on the issue of damages incurred by Plaintiffs, including but not limited to legal fees, disbursements, costs and expenses, and

8) For such other, further and different relief that this Court deems just and proper.

Dated: Woodbury, New York
April 19, 2021

Yours etc.,

GALLO VITUCCI KLAR LLP

By: *Anne Marie G*
     Anne Marie Garcia
*Attorneys for Plaintiffs*
*N47 Associates LLC and New York Marine &*
*General Insurance Company*
100 Crossways Park West, Suite 305
Woodbury, New York 11797
(212) 683-7100
File No.: PRO-2020-23A

**VERIFICATION**

ANNE MARIE GARCIA, an attorney duly admitted to practice law before the Courts in the State of New York, hereby affirms the following to be true under penalties of perjury:

1. That the deponent is the attorney for Plaintiffs N47 Associates LLL and New York Marine & General Insurance Company in the action within.

2. That the deposition has read the foregoing Summons and Complaint and knows the contents thereof and that same is true to the deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief and, as to those matters, believes it to be true.

3. That the reason the verification is made by the deponent herein and not by the plaintiffs is because the Plaintiffs N47 Associates LLL and New York Marine & General Insurance Company are not presently located in the county where I maintain my office.

Dated: Woodbury, New York
       April 19, 2021

_____
Anne Marie Garcia

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          CIVIL ACTION NO.: 1:21-cv-3490

---

N47 ASSOCIATES LLC and NEW YORK MARINE AND GENERAL INSURANCE COMPANY, INC,

                                                    Plaintiffs,

    -against-

ALBA SERVICES INC. and ACCREDITED SURETY AND CASUALTY COMPANY, INC.,

                                                    Defendants.

---

**SUMMONS AND VERIFIED COMPLAINT**

---

GALLO VITUCCI KLAR LLP
*Attorneys for Plaintiffs*
100 Crossways Park West, Suite 305
Woodbury, New York 11797
Tel: (212) 683-7100
Fax: (212) 683-5555
File No.: PRO 2020-23A