USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/19/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

N47 ASSOCIATES LLC and NEW YORK MARINE AND GENERAL INSURANCE COMPANY, INC.,

Plaintiffs,

-against-

ALBA SERVICES INC. and ACCREDITED SURETY & CASUALTY CO., INC.,

Defendants.

1:21-cv-3490-MKV

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs filed the Complaint in this action on April 22, 2021. (Compl. [ECF No. 5].) The Court *sua sponte* DISMISSES the Complaint without prejudice for failure to plead subject matter jurisdiction and GRANTS leave to amend.

The Complaint predicates subject matter jurisdiction on diversity of citizenship, pursuant to 28 U.S.C. § 1332. (Compl. ¶ 6.) Plaintiffs allege the following: Plaintiff N47 Associates LLC "is a foreign limited liability company incorporated in the State of Delaware and authorized to conduct business in the State of New York" (Compl. ¶ 2); Plaintiff New York Marine and General Insurance Company "is [a] foreign business corporation incorporated in the State of New Jersey and authorized to conduct business in the State of New York" (Compl. ¶ 3); Defendant Alba Services Inc. "is a domestic business corporation authorized to conduct business in the State of New York" (Compl. ¶ 4); and Defendant Accredited Surety and Casualty Company, Inc. "is a Florida Profit Corporation authorized and licensed to do insurance business in the State of New York" (Compl. ¶ 5). Plaintiffs claim that the Court has subject matter jurisdiction "as Plaintiffs are residents of Delaware and New Jersey, Defendants are residents of Florida and New York and the amount in controversy is in excess of $75,000.00." (Compl. ¶ 6.)

1

The Court has an obligation, "on its own motion, to inquire as to subject matter jurisdiction and satisfy itself that such jurisdiction exists." *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361–62 (2d Cir. 2000) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (noting that federal courts "must raise and decide jurisdictional questions that the parties either overlook or elect not to press" (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006))). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)). The plaintiff "must allege a proper basis for jurisdiction in his pleadings," *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998), as the Court "must 'review a plaintiff's complaint at the earliest opportunity to determine whether [there is in fact] subject matter jurisdiction,'" *Weiss Acquisition, LLC v. Patel*, No. 3:12–cv–1819 CS, 2013 WL 45885, at *1 (S.D.N.Y. Jan. 3, 2013) (alteration in original) (quoting *Licari v. Nutmeg Ins. Adjusters, Inc.*, No. 3:08mc245(WIG), 2008 WL 3891734, at *1 (D. Conn. July 31, 2008)).

Plaintiffs allege that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 6.) Section 1332 "require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); and *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967)).

An LLC "is completely diverse from opposing parties only if *all* of the members of the LLC are citizens of different states than *all* opposing parties." *Dumann Realty, LLC v. Faust*, No. 09 Civ. 7651(JPO), 2013 WL 30673, at *2 (S.D.N.Y. Jan. 3, 2013) (collecting cases); *see Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("Defendant Aladdin is a limited liability company that takes the citizenship of each of its

members." (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000))). Where a complaint does not plead the citizenship of an LLC party's members, it fails to plead diversity jurisdiction. *Infinity Consulting Grp., LLC v. American Cybersystems, Inc.*, No. 09-CV-1744 (JS)(WDW), 2010 WL 456897, at *1 (E.D.N.Y. Feb. 3, 2010).

A corporation, for diversity purposes, "is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (citing 28 U.S.C § 1332(c)(1); and *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002). A corporation's principal place of business, or "nerve center," is "the place where the corporation maintains its headquarters," or the corporation's "center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

Plaintiffs have not met their burden to demonstrate subject matter jurisdiction in the Complaint. Plaintiffs fail to allege the citizenship of the members of Plaintiff N47 Associates LLC, alleging only that this entity is "incorporated in the State of Delaware and authorized to conduct business in the state of New York." (Compl. ¶ 2.) This is insufficient to properly plead diversity jurisdiction. *See Vigilant Ins. Co. v. OSA Heating & Cooling LLC*, No. 3:10-CV-00981 (CSH), 2013 WL 3766596, at *2 (D. Conn. July 16, 2013) (directing plaintiff to provide identities and citizenship of each of LLC defendant's members or face dismissal for lack of subject matter jurisdiction); *Receivables Exch., LLC v. Hotton*, No. 11-CV-0292(JS)(WDW), 2011 WL 239865, at *1 (E.D.N.Y. Jan. 21, 2011) (dismissing *sua sponte* where complaint did not allege citizenship of LLC plaintiff's members); *Laufer Wind Grp. LLC v. DMT Holdings L.L.C.*, No. 10 Civ. 8716(RJH), 2010 WL 5174953, at *1 (S.D.N.Y. Dec. 20, 2010) (dismissing action where complaint did not plead the citizenship of any of the LLC parties' members); *In re Bank of America Corp.*

*Secs.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010) ("Because the Derivative Plaintiffs have not alleged the citizenship of each of the [LLC] Financial Advisors' members, they have not alleged facts sufficient to invoke this Court's subject matter jurisdiction by reason of diversity of citizenship." (citing 28 U.S.C. § 1332(a))).

Moreover, Plaintiffs fail to allege the states where Plaintiff New York Marine and General Insurance Company, Defendant, Alba Services Inc., and Defendant Accredited Surety and Casualty Company, Inc. maintain their principal places of business, alleging only that where these entities are incorporated and authorized or licensed to conduct business. (Compl. ¶¶ 3–5.) Plaintiffs therefore have failed to plead the citizenship of these corporate parties. *See Rapid Anesthesia Sols., P.C. v. Hajjar*, No. 17-CV-4705 (KAM)(LB), 2019 WL 263943, at *3 (E.D.N.Y. Jan. 18, 2019) (finding failure to establish citizenship of the corporate parties where plaintiffs "d[id] not state the state(s) of incorporation, headquarters, or the principal place of business of any of the corporate entities, instead referring to the states where the entities are 'licensed' or 'authorized' to conduct business"); *Mazzeo v. American States Ins. Co.*, No. 3:14-cv-00361(CSH), 2014 WL 1154530, at *3 (D. Conn. Mar. 21, 2014) (noting that "if Defendant is a corporation, Plaintiff must state with specificity any state in which Defendant is incorporated as well as the State in which it has its principal place of business"); *Jupiter Capital Partners LLC v. Deleonardo Constr., Inc.*, 07-CV-3499 (DRH) (AKT), 2008 WL 11449303, at *1 (E.D.N.Y. Jan. 23, 2008) (holding that plaintiff failed to plead diversity jurisdiction where, *inter alia*, it did not allege the principal place of business of the corporate parties); *Creaciones Con Idea, S.A. de C.V. v. MashreqBank PSC*, 75 F. Supp. 2d 279, 282 (S.D.N.Y. 1999) (noting that the fact that a corporation is authorized or licensed to do business in the state does not make it a citizen of that state for diversity purposes).

Because the Court lacks subject matter jurisdiction, the Complaint must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh*, 546 U.S. at 514 ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."); *Banks-Gervais v. Bd. of Elections*, No. 18-CV-5252 (RJD)(VMS), 2018 WL 10070504, at *2 (E.D.N.Y. Sept. 28, 2018) ("When a court lacks subject matter jurisdiction, dismissal is mandatory." (citing *Arbaugh*, 546 U.S. at 514)). And because the Court raised the issue of subject matter jurisdiction *sua sponte*, the Complaint is dismissed without prejudice and with leave to amend to cure the jurisdictional defects described above. *See, e.g.*, *Minard v. Pareto Partners*, No. 04 Civ. 741(CSH), 2005 WL 2206783, at *2 (S.D.N.Y. Sept. 12, 2005) ("The Court having raised *sua sponte* the question discussed in this Memorandum, it is fair to allow plaintiff, if so advised, to attempt to demonstrate that the parties are completely diverse.").

Plaintiffs shall file an Amended Complaint on or before **June 19, 2021**. Failure to file an Amended Complaint by that date will result in dismissal of all claims in this case without prejudice and without leave to amend.

**SO ORDERED.**

Date: **May 19, 2021**
New York, NY

*/s/ Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**